IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-371 (CKK) |
| | : | |
| v. | : | |
| | : | |
| KESETBRHAN M. KELETA, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO EXCLUDE SPEEDY TRIAL TIME**

The United States of America, through its undersigned attorneys, moves to exclude from the Speedy Trial Act computations the time from today's date, March 30, 2006, to April 28, 2006, pursuant to 18 U.S.C. § 3161(8)(A), on the ground that such a period of delay serves the ends of justice and outweighs the best interest of the public and the defendant in a speedy trial. In support of this motion, the government states as follows:

1. On February 16, 2006, the Court held a status hearing in this matter. On that date, it set a motions schedule under which defense motions would be due on March 27, 2006. The defendant did not file any motions on March 27.[1]

2. Neither the Court's minute entry for the February 16, 2006, hearing nor government counsel's notes state that the defendant waived the Speedy Trial Act between February 16, 2006, and March 27, 2006, the date on which a tolling of the Act would have occurred if the defense had filed any motions[2]. See 18 U.S.C. § 3161(h)(1)(F).

---

[1] The government has no objection if the defendant wants to late-file any motions.

[2] At all of his previous appearances before the Court, the defendant waived the Speedy Trial Act until the subsequent court date. Because the December 9, 2005, status hearing was postponed until December 16, 2005, 7 days of Speedy Trial Act time elapsed before the last court

3. By the government's calculations, 49 days have run on the Speedy Trial Act "clock." If the Court does not enter an order tolling the Speedy Trial Act, the time within which to try this case will have expired before the next status date of April 28, 2006. Neither the government nor (the government believes) the defense will be in a position to adequately try this within the 21 days remaining under the Speedy Trial Act. In addition, there is not sufficient time to submit motions *in limine* to the Court. Accordingly, a tolling of the Speedy Trial will serve the ends of justice and outweigh the interests of the defendant and the public in a speedy trial.

For the foregoing reasons, the Court should grant the government' motion.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

By: _____/s/_____
JAY I. BRATT
Assistant United States Attorney
Illinois Bar No. 6187361
National Security Section
555 4th Street, NW, Room 11-437
(202) 353-3602
jay.bratt@usdoj.gov

---

date.

**Certificate of Service**

I, Jay I. Bratt, certify that I served a copy of the foregoing Government's Motion to Exclude Speedy Trial Time by electronic means on James Beane, counsel for defendant, this 30th day of March, 2006.

_____/s/_____
Jay I. Bratt
