SUPPLEMENTAL JURY INSTRUCTION NO. 3

**<u>Operating an Illegal Money Transmitting Business – Elements of the Offense (Count Two)</u>**

I am now going to instruct you as to Count Two. Count Two also charges the defendant with operating an illegal money transmitting business, but for the time period beginning on October 26, 2001, and continuing through in or around September 2002. As I previously noted, some of the elements in Count Two are different from those in Count One, although there remain four elements that the government must prove beyond a reasonable doubt in order for you to convict the defendant on Count Two.

**First**, as with Count One, the government must prove beyond a reasonable doubt that the defendant knowingly conducted, controlled, managed, supervised, or directed all or part of a money transmitting business. The government is not required to prove that Mr. Keleta did all of the things in this list, but only that he did one of them.

As I instructed you with respect to Count One, a money transmitting business is a business that transfers funds on behalf of the public to other locations within this country or to locations in foreign countries by means of wire transfers, checks, or other methods.

**Second**, as with Count One, the government must prove beyond a reasonable doubt that the money transmitting business affected interstate or foreign commerce in any manner or degree.

Once again, interstate commerce means commerce, such as travel, trade, the exchange of funds, or communication, between the states, territories, and possessions of the United States. Foreign commerce means commerce between any part of the United States and countries outside the United States.

It is not necessary for the government to show that the defendant actually intended or

anticipated an effect on interstate or foreign commerce. All that is necessary is that the natural and probable consequences of the defendant's actions would be to affect interstate or foreign commerce no matter how minimal.

As I previously stated, you may find that the government has proved an effect on interstate and foreign commerce if you find from the evidence, beyond a reasonable doubt, that currency (cash, check or other monetary instrument), was transferred or wired to locations outside of the District of Columbia or into another country or if a financial transaction was conducted by a business involved in interstate commerce.

**Third**, the government must prove one of the following beyond a reasonable doubt:

(a)   that the money transmitting business in question did not have a license from the District of Columbia to operate as a money transmitting business, or

(b)   that the money transmitting business in question failed to comply with the money transmitting business registration requirements under Federal law.

Thus, in order to satisfy the first element – element (a) – described above, the government does not need to prove, as it did for Count One, that the defendant knew a license was required by District of Columbia law to operate a money transmitting business. Instead, the government must only prove that the defendant conducted, controlled, managed, supervised, or directed a money transmitting business in the District of Columbia and that the business did not have a license to operate as required by District of Columbia law. The reason for the difference between Count One and Count Two for this element of the offense is that on October 26, 2001, the statute changed such that it was no longer necessary for the defendant to know of the local licensing requirement in order to be guilty of the crime.

Alternatively, to satisfy the third element of Count Two, the government may prove that the money transmitting business that the defendant conducted failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330. Section 5330 requires that any person who owns or controls a money transmitting business must register the business with the United States Secretary of the Treasury within 180 days from the date on which the business was established. The registration requirement applies whether or not the business is licensed as a money transmitting business in any state or the District of Columbia.

**Fourth,** as with Count One, the government must prove beyond a reasonable doubt is that the money transmitting business operated in a jurisdiction, in this case the District of Columbia, where the operation of such a business without a license was punishable as a felony under District of Columbia law. I again instruct you that, as a matter of law, Section 26-1002 of the District of Columbia Code requires that a money transmitting business obtain a license from the District of Columbia government to operate in the District of Columbia, and that, under Section 26-1023(c) of the District of Columbia Code, operating a money transmitting business without a license is punishable as a felony under District of Columbia law.

Thus, in order to convict on Count One, you must find beyond a reasonable doubt, that:

1. the defendant knowingly operated a money transmitting business;
2. the business affected foreign or interstate commerce;
3. either the business did not have a license as required by District of Columbia law or the defendant failed to register the money transmitting business with the United States Secretary of the Treasury within 180 days of the date upon which the business was established; and

    4.       District of Columbia law made it a felony to operate a money transmitting business without a license.

Source:   This instruction is based primarily on the instructions in United States v. Mohammed Azam Bajwa, Cr. No. AW-04-0464 (D. Md.) (first, second, and fourth elements); United States v. Elfgeeh, Cr. No. 03-133 (SJ) (E.D.N.Y) (third element); and United States v. Adonay Nolasco-Argueta, No. 02-20465-CR-King (S.D. Fla.) (third element).  See also 18 U.S.C. § 1960; 31 U.S.C. § 5330; D.C. Code §§ 26-1002 and 26-1023(c); United States v. Velastegui, 199 F.3d 590 (2d Cir. 1999) (discussing, in part, elements of pre-October 26, 2001, violations of 18 U.S.C. § 1960); United States v. Rahman, 417 F. Supp.2d 725 (E.D. N.C. 2006) (discussing differences in elements between pre- and post-October 26, 2001, versions of 18 U.S.C. § 1960); United States v. Uddin, 365 F. Supp.2d 825 (E.D. Mich. 2005) (same); United States v. Barre, 324 F. Supp.2d 1173 (D. Colo. 2004) (same).  But see United States v. Talebnejad, 342 F. Supp.2d 346, 353-356 (D. Md. 2004) (holding that, where a state's law criminalizing the operation of an unlicensed money transmitting business has a willfulness requirement, the government, even post-October 26, 2001, must allege and prove a defendant's knowledge of the licensing requirement in a § 1960 prosecution that relies on the defendant's failure to get a license in such a state; the District of Columbia statute, D.C. § 26-1023(c) does not have such a willfulness requirement).  The portion of the instruction concerning interstate and foreign commerce was adapted from Devitt and Blackmar, Federal Jury Practice and Instructions, Vol. 2, §48.05 and United States v. Gallo, 927 F.2d 815, 823 (5th Cir. 1991).  The language defining the terms knew and knowing is adapted from 1 Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, §17.04 (4th ed. 1992).