IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-371 (CKK)** |
| | : | |
| v. | : | |
| | : | |
| **KESETBRHAN M. KELETA,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S CORRECTED PROPOSED SUPPLEMENTAL
INSTRUCTION NO. 2**

The United States of America, through its undersigned counsel, hereby submits a corrected version of its Proposed Supplemental Instruction No. 2. The corrected version adds some missing language to the last sentence of the last full paragraph on page 2 of the version the government previously submitted to the Court. The sentence in question previously read: "One way the government can prove the defendant's knowledge by showing that he had actual knowledge of the license requirements." The corrected sentence now reads (with the inserted language in italics): "One way the government can prove the defendant's knowledge *of the licensing requirements is* by showing that he had actual knowledge of the license requirements." The full instruction, with the corrected language is set forth below[1]:

**PROPOSED SUPPLEMENTAL INSTRUCTION NO. 2**

**Operating an Illegal Money Transmitting Business – Elements of the Offense (Count One)**

I will now instruct you as to Counts One and Two. Each count charges a separate violation of Title 18, United States Code, Section 1960, which makes it unlawful for any person

---

[1] The government will provide the Court with a disk containing the corrected version of Proposed Supplemental Instruction No. 2.

to operate a money transmitting business without the appropriate license. Please listen carefully, as the instructions differ slightly for the conduct that occurs before October 26, 2001, which is the subject of Count One, and for the conduct that occurs after October 26, 2001, which is the subject of Count Two. The government must prove four elements beyond a reasonable doubt in order to convict the defendant on Count One, which covers conduct from in or around March 2001 up until October 26, 2001.

**First**, the government must prove beyond a reasonable doubt that the defendant knowingly conducted, controlled, managed, supervised, or directed all or part of a money transmitting business. The government is not required to prove that Mr. Keleta did all of the things in this list, but only that he did one of them.

A money transmitting business is a business that transfers funds on behalf of the public to other locations within this country or to locations in foreign countries by means of wire transfers, checks, or other methods.

**Second**, the government must prove beyond a reasonable doubt that the money transmitting business affected interstate or foreign commerce in any manner or degree.

Interstate commerce means commerce, such as travel, trade, the exchange of funds, or communication, between the states, territories, and possessions of the United States. Foreign commerce means commerce between any part of the United States and countries outside the United States.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce. All that is necessary is that the natural and probable consequences of the defendant's actions would be to affect interstate or foreign

commerce no matter how minimal.

You may find that the government has proved an effect on interstate and foreign commerce if you find from the evidence, beyond a reasonable doubt, that currency (cash, check or other monetary instrument), was transferred or wired to locations outside of the District of Columbia or into another country or if a financial transaction was conducted by a business involved in interstate commerce.

**Third,** the government must prove beyond a reasonable doubt that the defendant intentionally operated this money transmitting business without a license issued by the District of Columbia to operate a money transmitting business.

In order to satisfy this element the government must prove that the defendant knew a license was required to operate a money transmitting business and that, nonetheless, he intentionally operated a money transmitting business without that license.

The term "knew or knowing," as used in these instructions to describe the alleged state of mind of a defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident. One way the government can prove the defendant's knowledge of the licensing requirements is by showing that he had actual knowledge of the license requirements.

**Fourth,** the government must prove beyond a reasonable doubt is that the money transmitting business operated in a jurisdiction, in this case the District of Columbia, where the operation of such a business without a license was punishable as a felony under District of Columbia law. I instruct you that as a matter of law, Section 26-1002 of the District of Columbia Code requires that a money transmitting business obtain a license from the District of Columbia

government to operate in the District of Columbia, and that, under Section 26-1023(c) of the District of Columbia Code, operating a money transmitting business without a license is punishable as a felony under District of Columbia law.

Thus, in order to convict on Count One, you must find beyond a reasonable doubt, that:

1. the defendant knowingly operated a money transmitting business;

2. the business affected foreign or interstate commerce;

3. the defendant operated that business without a license despite the fact that he knew that District of Columbia law required that this business be licensed; and

4. District of Columbia law made it a felony to operate a money transmitting business without a license.

Source: This instruction is based primarily on the instruction that Judge Alexander Williams of the District of Maryland gave in United States v. Mohammed Azam Bajwa, Cr. No. AW-04-0464. The government is providing a hard copy of Judge Williams' charge in Bajwa to the Court and defense counsel. Similar instructions, which the government is also providing to the Court and defense counsel, have been given in the following cases: United States v. Elfgeeh, Cr. No. 03-133 (SJ) (E.D.N.Y) (Hon. Sterling Johnson); United States v. Adonay Nolasco-Argueta, No. 02-20465-CR-King (S.D. Fla.) (Hon. James Lawrence King); United States v. Navarro, Criminal No. 93-588 (D. N.J.) (Hon. John C. Lifland) (The government does not have the actual court charges for the Elfgeeh and Nolasco-Argueta; the Assistant United States Attorneys who provided these instructions to the government have represented that the courts in those cases adopted the government's proposed instructions concerning the elements of an 18 U.S.C. § 1960 offense). See also 18 U.S.C. § 1960; D.C. Code §§ 26-1002 and 26-1023(c); United States v. Velastegui, 199 F.3d 590 (2d Cir. 1999) (discussing, in part, elements of pre-October 26, 2001, violations of 18 U.S.C. § 1960); United States v. Rahman, 417 F. Supp.2d 725 (E.D. N.C. 2006) (discussing differences in elements between pre- and post-October 26, 2001, versions of 18 U.S.C. § 1960); United States v. Uddin, 365 F. Supp.2d 825 (E.D. Mich. 2005) (same); United States v. Barre, 324 F. Supp.2d 1173 (D. Colo. 2004) (same). The portion of the instruction concerning interstate and foreign commerce was adapted from Devitt and Blackmar, Federal Jury Practice and Instructions, Vol. 2, §48.05 and United States v. Gallo, 927 F.2d 815, 823 (5th Cir. 1991). The language defining the terms knew and knowing is adapted from 1 Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, §17.04 (4th ed.

1992).

        Respectfully submitted,

         KENNETH L. WAINSTEIN
         D.C. Bar No. 451058
         United States Attorney

By:    /s/
         JAY I. BRATT
         Assistant United States Attorney
         Illinois Bar No. 6187361
         National Security Section
         555 Fourth Street, NW
         Room 11-437
         Washington, D.C. 20530
         (202) 353-3602
         jay.bratt@usdoj.gov

## Certificate of Service

I, Jay I. Bratt, certify that I served a copy of the foregoing Government's Corrected Proposed Supplemental Jury Instruction No. 2 on James W. Beane, Jr., counsel for the defendant, by electronic means this 17th day of June, 2006.

/s/
Jay I. Bratt
