IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 05 - 371 (CKK) |
| | : | |
| KESETBRHAN M. KELETA | : | |
| | : | |
| Defendant | : | |

## STATUS STATEMENT

  COMES NOW, Defendant, Kesetbrhan M. Keleta, pursuant to this Court's requests that counsel file this status statement. Counsel states the following:

  1.  On Friday June 17, 2006, government counsel filed proposed jury instructions. Government counsel had provided undersigned counsel with a copy of the proposed jury instructions on June 16, 2006. Because undersigned counsel was traveling at the time he was not able to thoroughly review the instructions until June 20, 2006. Counsel informed the Court's chambers the he does not object to the jury instructions proposed by the government. However, on closer review of the instructions, counsel objects to the last sentence of paragraph four on page 3. This sentence reads, "One way the government can prove the defendant's knowledge of the licensing requirements is by showing that he had actual knowledge of the license requirements."

  2.  This sentence causes this instruction to be unbalanced in favored the government. As the Court is aware there are several ways in which the government can attempt to prove the defendant intentionally operated a money transmitting business without a license. In the instant matter the government attempt to prove it through some evidence that Mr. Keleta knew of the licensing requirement. Clearly the government

seeks to have the Court place it's stamp of approval on the government's specific theory of the case.

3. The Court must provide the jury with a balanced in order to prevent an unjust or coerced verdict. *United States v. Lee*, 506 F.2d 111 (D.C. Cir 1974) *citing Arizona v. Washington, 434 U.S. 497 at 509-10, 54 L. Ed. 2d 717, 98 S. Ct. 824* . The Court should provide a fair and balanced perspective as context for the jurors deliberations. *Id.* The government's proposed instruction is not balanced and simply directs the jury's attention to the government's specific theory of the case. As such the Court should not so instruct the jury.

4. Counsel received a subpoena to appear before the Circuit Court of Fairfax County, Fairfax Virginia. The subpoena requires counsel's appearance on June 27, 2006 at 9:15 am. It is counsel's understanding that the defendant in the case in Fairfax County is charged with kidnapping and assault with a firearm.

5. Additionally, Judge Motley of the District of Columbia is requiring that counsel appear before him on June 28, 2006 for a motions hearing. Counsel informed the Judge Motley that he would be in trial before this Court on that day and Judge Motley proposed that I appear before him when this Court breaks for lunch. Judge Motley requested that undersigned counsel notify the Court of his order.

6. Counsel is attempting to speak with the attorney who issued the subpoena in Fairfax County to determine if there is a way counsel can be scheduled to appear at a specific time. Counsel will notify the Court as soon as he is able to ascertain whether it is possible to appear at a specific time.

Respectfully submitted,

_____/s/_____
James W. Beane, Jr.
Bar No. 444920

2715 M Street, NW
Suite 200
Washington, DC  20007
202-333-5905

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a copy of this status statement was delivered to Assistant United States Attorney Jay Bratt, via the ECF system on this 20th day of June, 2006.

___/s/___<br>
James W. Beane, Jr.