UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>KESETBRHAN M. KELETA,<br><br>  Defendant | Criminal No. 05–371 (CKK) |

OPINION AND ORDER ON RULE 29 PARTIAL
MOTION FOR A JUDGMENT OF ACQUITTAL
(June 28, 2006)

Pursuant to 18 U.S.C. § 1960(a), "Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both." 18 U.S.C. § 1960(a). The term "unlicensed money transmitting business" as defined in the alternative under 18 U.S.C. § 1960(b)(1)(B) "means a money transmitting business which affects interstate or foreign commerce in any manner or degree and--fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section." 18 U.S.C. § 1960(b)(1)(B).

Defense counsel argues that 18 U.S.C. § 1960(b)(1)(B) requires knowledge on the part of the person charged regarding the illegality of his or her failure to comply with said federal registration requirements. Defense counsel relies on *United States v. Talebnejad*, 342 F. Supp. 2d 346 (D. Md. 2004) for this proposition.[1] The court in *Talebnejad* held "that 31 U.S.C. § 5330

---

[1] The Court notes that it has already made an oral ruling denying in part Defendant's Rule 29 Motion in that the reasoning set forth in *Talebnejad* with respect to 18 U.S.C. § 1960(b)(1)(A) is inapplicable in this case because District of Columbia law, unlike Maryland law, does not have a willful and/or knowing requirement in order for an individual to be punished for operating a money transmitting business without a license. *See* D.C. Code §

by implication also incorporates a *mens rea* requirement, *i.e.,* it must be shown that a Defendant knew he was required to register his money transmission business with the U.S. Treasury and that he intentionally failed to do so." *Id.* at 356. The court in *Talebnejad* further reasoned that the application of a "knowing and willful" *mens rea* requirement with respect to failure to comply with federal registration requirements is based on Congress's failure to amend 18 U.S.C. § 1960(b)(1)(B) when it amended § (b)(1)(A) via the Patriot Act, because "any effort to enact a strict liability criminal statute [must] be clearly expressed." *Id.*

However, the instant Court does not find the reasoning in *Talebnejad*, which is presently on appeal and not binding in the instant circuit, persuasive. Neither did the district court in *United States v. Uddin*, 365 F. Supp. 2d 825 (E.D. Mich. 2005), which explicitly rejected the reasoning in *Talebnejad* with respect to 18 U.S.C. § 1960(b)(1)(B): "The *Talebnejad* court's reasoning with regard to subsection (b)(1)(B) is flawed because, as indicated above, there was no need to amend the federal registration subsection; the only 'loophole' that existed in the prior version of the statute was in subsection (A) which, before the Patriot Act amendments, required the government to show that the defendant knew that state law required a license to operate a money transmitting business and intentionally operated the business without an appropriate state license. The prior version of subsection (B) contained no such 'loophole,' and therefore, no amendment to subsection (B) was needed." *Id.* at 829. Additionally, the legislative history related to the Patriot Act, by which Section 1960 was amended, clarifies that Section 1960 was intended to be a general intent crime sans proof of knowledge of federal registration requirements

---

26–1023(c) ("Any person who engages in the business of money transmission without a license as provided herein shall be guilty of a felony and, on conviction thereof, shall be fined not more than $25,000, or imprisoned for not more than 5 years, or both.").

or willful violation thereof. *See Uddin*, 365 F. Supp. 2d at 829 ("'The proposal makes clear that an offense under § 1960 is a general intent crime for which a defendant is liable if he knowingly operates an unlicensed money transmitting business. For purposes of a criminal prosecution, the government would not have to show that the defendant knew that a State license was required or that the Federal registration requirement promulgated pursuant to 31 U.S.C. § 5330 applied to the business.' *See* Rept. 107-250, H.R. 3004, at 54. Financial Anti-Terrorism Act of 2001. Report of Committee on Financial Services.").

Furthermore, 18 U.S.C. § 1960(b)(1)(B) on its face does not contain a knowledge or willfulness requirement, nor does 31 U.S.C. § 5330 to which it refers. *See United States v. Barre*, 324 F. Supp. 2d 1173, 1177 (D. Colo. 2004) ("I conclude that sub-section (b)(1)(B) does not provide an inconsistent *mens rea*, even if it did apply to Defendant. A 'failure to comply' does not connote a knowledge of the need to comply with the section 5330 of Title 31 in the first place, just as a failure to obtain a license does not connote a knowledge that a license is required.").

The Court also understood Defense counsel to make a rather sweeping argument during proceedings before the Court that crimes of general intent either do not exist or do not exist absent specific language detailing the absence of a *mens rea* requirement. However, both the Sixth Circuit and the Tenth Circuit have upheld application of a federal gambling licensing statute, 18 U.S.C. § 1955, without proof that the convicted individuals had knowledge of the licensing requirement. *See United States v. Ables*, 167 F. 3d 1021, 1031 (6th Cir. 1999); *United States v. O'Brien*, 131 F.3d 1428, 1430 (10th Cir. 1997); *see also Uddin*, 365 F. Supp. 2d at 830–31 (applying the reasoning set forth in *Ables* to § 1960). Pursuant to 18 U.S.C. § 1955,

"Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined under this title or imprisoned not more than five years, or both." Despite the absence of some explicit statement to the effect of "knowledge and/or willfulness on the part of the individual is not required," various courts have understood 18 U.S.C. § 1955 to define a crime of general intent. *See Ables,* 167 F.3d at 1031 ("Because the crime of conducting an illegal gambling business as defined under § 1955 is one of general intent, Ables cannot evade conviction under that section by establishing that he unwittingly or unknowingly conducted [gaming] in violation of the law of Kentucky."); *O'Brien*, 131 F.3d at 1430 ("Section 1955 is not a specific intent statute.  To be convicted under this provision, therefore, a defendant need not know that the gambling business involved five or more people, remained in operation for thirty days, or was violative of state law.  The statute requires only a general criminal intent, which is satisfied whenever the defendant knowingly does an act made unlawful by the statute."). Based on the aforementioned reasoning, the Court finds that 18 U.S.C. § 1960(b)(1)(B) does not require that the Defendant either knew or willfully violated (or both) federal money transmitting registration requirements in order to have violated the statute.

Accordingly, it is this 28th day of June, 2006, hereby

ORDERED that Defendant's oral Rule 29 Partial Motion is DENIED.

                                                           /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge