# EXHIBIT 8

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                                                    Page 1 of 6

FILED by ___VL___ D.C.

JAN 3 1 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

**UNITED STATES OF AMERICA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

v.

Case Number: 02-20465-CR-KING

**ADONAY NOLASCO-ARGUETA**

Counsel For Defendant: Stewart Abrams, AFPD
Counsel For The United States: Marie Villafana, AUSA
Court Reporter: Amy Key

The defendant was found guilty on Counts One and Two of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC 1960 | Conducting an illegal money transmitting business affecting interstate and foreign commerce | 4/17/02 | One |
| 18 USC 1960 | Conducting an illegal money transmitting business affecting interstate and foreign commerce | 5/8/02 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 11/2/61
Deft's U.S. Marshal No.: 68615-004

Date of Imposition of Sentence:
January 23, 2003

Defendant's Mailing Address:
8020 Harte Place, #104
Vienna, VA 22180

Defendant's Residence Address:
8020 Harte Place, #104
Vienna, VA 22180

JAMES LAWRENCE KING
United States District Judge

January 27, 2003

Case 1:05-cr-00371-CKK   Document 30-9   Filed 12/22/2006   Page 3 of 7
Case 1:02-cr-20465-JLK   Document 41   Entered on FLSD Docket 02/03/2003   Page 2 of 6

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                    Page 2 of 6

DEFENDANT: ADONAY NOLASCO-ARGUETA
CASE NUMBER: 02-20465-CR-KING

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 Months** on each of counts one and two; to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

Designation to FCI Petersburg

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before **12:00 Noon on March 26, 2003.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

Case 1:05-cr-00371-CKK   Document 30-9   Filed 12/22/2006   Page 4 of 7
Case 1:02-cr-20465-JLK   Document 41   Entered on FLSD Docket 02/03/2003   Page 3 of 6

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                      Page 3 of 6

DEFENDANT: ADONAY NOLASCO-ARGUETA
CASE NUMBER: 02-20465-CR-KING

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** on each of counts one and two; to be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:05-cr-00371-CKK   Document 30-9   Filed 12/22/2006   Page 5 of 7
Case 1:02-cr-20465-JLK   Document 41   Entered on FLSD Docket 02/03/2003   Page 4 of 6

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                         Page 4 of 6

DEFENDANT: ADONAY NOLASCO-ARGUETA
CASE NUMBER: 02-20465-CR-KING

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the Immigration and Naturalization Service for removal proceedings consistent with the Immigration and Nationality Act.

If remove, the defendant shall not reenter the United States without the written permission of the Attorney General of the United States. Should the defendant be removed, the term of probation/supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of probation/supervised release, he is to report to the nearest U.S. Probation Office within 72 hours of his arrival.

The defendant shall submit to a search of his person or property conducted in a reasonable manner and a reasonable time by the United States Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

Case 1:05-cr-00371-CKK   Document 30-9   Filed 12/22/2006   Page 6 of 7
Case 1:02-cr-20465-JLK   Document 41   Entered on FLSD Docket 02/03/2003   Page 5 of 6
USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                                  Page 5 of 6

DEFENDANT: ADONAY NOLASCO-ARGUETA
CASE NUMBER: 02-20465-CR-KING

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | $2,000.00 | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 1:05-cr-00371-CKK   Document 30-9   Filed 12/22/2006   Page 7 of 7
Case 1:02-cr-20465-JLK   Document 41   Entered on FLSD Docket 02/03/2003   Page 6 of 6

USDC FLSD 245B (Rev. 3/01) - Judgment in a Criminal Case                                                             Page 6 of 6

DEFENDANT: ADONAY NOLASCO-ARGUETA
CASE NUMBER: 02-20465-CR-KING

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A. Lump sum payment of **$200.00** due immediately. During the period of incarceration, the fine payment shall be made as follows: (1) if the defendant earns wages in a Federal Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant odes not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the fine obligations.

Upon release from incarceration, the defendant shall pay the fine at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment scheduled in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation and U.S. Attorney's Office shall monitor the payment of the fine and report to the court any material change in the defendant's ability to pay.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment and fine are payable to the U.S. COURTS and is to be addressed to:**

**U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
301 N. MIAMI AVENUE, ROOM 150
MIAMI, FLORIDA 33128**

**The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.