



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION
OCTOBER 2005, SESSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 5:05CR00043 |
| AHMED HAJI ABDULLAH, | : | All in violation of: |
| Defendant. | : | Title: 18, U.S.C. 1960(a) |
| | : | 18 U.S.C. 641 |

### INDICTMENT

#### General Allegations

THE GRAND JURY CHARGES THAT:

1. At all times relevant to this Indictment, the term "unlicensed money transmitting business" was defined in Title 18, United States Code, Section 1960, as a money transmitting business affecting interstate and foreign commerce which is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law.

2. Under the Virginia Code, Section 6.1-371, no person may engage in the business of money transmission without a license from the Virginia State Corporation Commission. The Virginia Code, Section 6.1-375, provides that any person required to have a license who engages in the business of money transmission without a license is guilty of a misdemeanor.

3. Pursuant to the money transmitting business registration

requirements set forth in Title 31, United States Code, Section 5330(a)(1), and regulations proscribed under that section, any person engaged in a money transmitting business must register the business with the Secretary of the Treasury.

### Count One

### Operation of Unlicensed Money Transmitting Business

THE GRAND JURY CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference herein the General Allegations of this Indictment.

2. From on or about sometime in 1998, to on or about the return date of this Indictment, in the Western District of Virginia and elsewhere, defendant AHMED HAJI ABDULLAH did knowingly and unlawfully conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business.

3. From on or about sometime in 1998, until on or about the return date of this Indictment, AHMED HAJI ABDULLAH received United States currency and checks from individuals wishing to transfer money outside of the United States. In furtherance of ABDULLAH's money transmitting business, those funds were deposited in several bank accounts controlled by ABDULLAH.

4. From on or about sometime in 1998, until on or about the return date of this Indictment, ABDULLAH caused money to be transferred from certain bank accounts in the United States to individuals in various Middle Eastern and European nations without

a money transmitting license from the Virginia State Corporation Commission or the United States Department of Treasury, as required by law.

In Violation of Title 18, United States Code, Section 1960(a).

## COUNT TWO

### Theft of Public Money

1. The Grand Jury realleges and incorporates by reference herein the General Allegations of this Indictment.

2. At all times relevant to this Indictment, defendant AHMED HAJI ABDULLAH operated an unlicensed money transfer business, as alleged in Count One of this Indictment. To facilitate that unlicensed money transmitting business, ABDULLAH maintained a number of accounts at Suntrust, NationsBank, Bank of America, First Union, and Wachovia banks.

3. From on or about September 4, 2003, up to the return date of this Indictment, ABDULLAH obtained public money in the form of food stamps from the United States Department of Agriculture. To obtain those food stamps, ABDULLAH submitted and caused to be submitted application and reauthorization forms to the Commonwealth of Virginia Department of Social Services regarding assets and bank accounts he controlled. On those forms, ABDULLAH misrepresented the amount of assets and number of bank accounts he controlled.

4. From June 28, 2002, up to the return date of this Indictment, AHMED HAJI ABDULLAH obtained public money in the form

of housing assistance payments from the United States Department of Housing and Urban Development. To obtain those housing assistance payments, ABDULLAH submitted and caused to be submitted application and reauthorization forms to the Department of Housing and Urban Development regarding assets and bank accounts he controlled. On those forms, ABDULLAH misrepresented the amount of assets and number of bank accounts he controlled.

5.  From on or about the 16th day of October, 1998, until the return date of this Indictment, in the Western District of Virginia, the defendant, AHMED HAJI ABDULLAH, wilfully and knowingly did steal and purloin housing assistance payments having a value of approximately $12,767, which constituted goods and property of the United States, specifically, tenant subsidies provided by the United States Department of Housing and Urban Development, to which the defendant was not entitled.

In violation of Title 18, United States Code, Section 641

### COUNT THREE

#### Forfeiture Allegation

The Grand Jury further charges that:

1.  In committing the felony offenses alleged in Count One and Two of this Indictment, punishable by imprisonment for more than one year, AHMED HAJI ABDULLAH shall forfeit to the United States, pursuant to 21 U.S.C. § 982, any and all interest the defendant has:

(a) in any property real or personal, involved in such offense, or any property traceable to such property;

(b) in any property constituting, or derived from, proceeds the person obtained directly or indirectly, s the result of such violation;

without regard to the type of interest held, wherever located and in whatever name held.

2. The property to be forfeited to the United States includes but is not limited to a money judgment of not less than $48,903, in that such sum in aggregate was obtained directly or indirectly as a result of the aforestated offenses.

A TRUE BILL this ___19th___ day of October, 2005.

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

5