

IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION
OCTOBER, 2005, SESSION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 5:05CR00047 |
| : | |
| RASHEED QADIR QAMBARI, : | All in violation of: |
| : | |
| Defendant. : | Title: 18, U.S.C. 1960(a) |
| : | |

**INDICTMENT**

General Allegations

THE GRAND JURY CHARGES THAT:

1. At all times relevant to this Indictment, the term "unlicensed money transmitting business" was defined in Title 18, United States Code, Section 1960, as a money transmitting business affecting interstate and foreign commerce which is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law.

2. Under the Virginia Code, Section 6.1-371, no person may engage in the business of money transmission without a license from the Virginia State Corporation Commission. The Virginia Code, Section 6.1-375, provides that any person required to have a license who engages in the business of money transmission without a license is guilty of a misdemeanor.

3. Pursuant to the money transmitting business registration

requirements set forth in Title 31, United States Code, Section 5330(a)(1), and regulations proscribed under that section, any person engaged in a money transmitting business must register the business with the Secretary of the Treasury.

### Count One

### Operation of Unlicensed Money Transmitting Business

THE GRAND JURY CHARGES THAT:

1. The Grand Jury realleges and incorporates by reference herein the General Allegations of this Indictment.

2. From on or about sometime in 1998, to on or about the return date of this Indictment, in the Western District of Virginia and elsewhere, defendant RASHEED QADIR QAMBARI, did knowingly and unlawfully conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business.

3. From on or about sometime in 1998, until on or about the return date of this Indictment, RASHEED QADIR QAMBARI, received United States currency and checks from individuals wishing to transfer money outside of the United States. In furtherance of QAMBARI's money transmitting business, those funds were deposited in several bank accounts controlled by QAMBARI.

4. From on or about sometime in 1998, until on or about the return date of this Indictment, QAMBARI caused money to be transferred from certain bank accounts in the United States to individuals in various Middle Eastern and European nations without

a money transmitting license from the Virginia State Corporation Commission or the United States Department of Treasury, as required by law.

(In Violation of Title 18, United States Code, Section 1960(a).

## COUNT TWO

### Forfeiture Allegation

THE GRAND JURY CHARGES THAT:

1. In committing the felony offense alleged in Count One of this Indictment, punishable by imprisonment for more than one year, RASHEED QADIR QAMBARI, shall forfeit to the United States, pursuant to 21 U.S.C. § 982, any and all interest the defendant has:

>   (a) in any property real or personal, involved in such offense, or any property traceable to such property;
>
>   (b) in any property constituting, or derived from, proceeds the person obtained directly or indirectly, s the result of such violation;

without regard to the type of interest held, wherever located and in whatever name held.

2. The property to be forfeited to the United States includes but is not limited to a money judgment of not less than $5,549 in that such sum in aggregate was obtained directly or indirectly as a result of the aforestated offense.

A TRUE BILL this \_\_\_19th\_\_\_ day of October, 2005.

_____
                                            FOREPERSON

_____
UNITED STATES ATTORNEY