HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 26 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 05-CR-371 |
| vs. | : | SSN: |
| KELETA, Kesetbrhan M, | : | Disclosure Date: September 22, 2006 |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:   **For the Government**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                _____
**Prosecuting Attorney**                                                              Date

**For the Defendant**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____                _____
**Defendant**          Date                                 **Defense Counsel**          Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **October 06, 2006**, to U.S. Probation Officer **Elizabeth Suarez**, telephone number **(202) 565-1341**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Richard A. Houck, Jr., Chief
       United States Probation Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                :
                                :
         v.                     :     Criminal No.   05-371 (CKK)
                                :
KESETBRHAN M. KELETA            :
                                :
         Defendant              :

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Kesetbrhan Keleta, through undersigned counsel, hereby makes the following objections to the relevant Presentence Investigation Report:

Page 3, paragraph 4, fourth sentence, should read as follows:

"As service to Eritreans in the United States, the embassy would always send funds to their family and friends when asked to do so."

Page 3, paragraph 4, eighth sentence, should read as follows:

"Fessahaie Tekle, a financial attaché at the embassy, oversaw the operations at the Red Sea."

Page 3, paragraph 6 is factually inaccurate: At the meeting with Mr. Keleta, Mr. Tekle and Mr. Dafla – Mr. Dafla did not inform Mr. Keleta that Himbol branch in DC needed a license from the District of Columbia nor did Mr. Keleta inform Mr. Dafla that he would get a license.

Page 3 - 4, paragraph 7 is factually inaccurate: Mr. Keleta did not have the power to hire and fire employees, nor did he have complete authority to approve or disapprove

transactions. Further Mr. Keleta disputes the amount of money the government claims Mr. Keleta authorized.

Page 4, paragraph 8, first sentence, should read as follows:

"In or about June 2000 Mr. Keleta began taking steps to obtain a license for Himbol Finacial Services Inc. from the DC Department of Banking and Financial Institutions."

Page 4, paragraph 8, fourth sentence, should read as follows:

"their plan was to open a new business called Himbol Financial Services, Inc. This new business would compete with Himbol Financial Services, PLC that was run by the Eritrean Embassy."

Page 4, paragraph 9, is factually inaccurate: Mr. Joseph Bishop prepared the applications for licenses and Mr. Keleta signed the applications. Mr. Keleta did not disclose that he had been operating as an unlicensed money transmitting business in the District of Columbia because Mr. Keleta did not believe that he was operating the business, therefore it is simply unreasonable to expect that he would report such a thing. Operating an unlicensed money transmitting business is a legal term of art that is not readily apparent to a laymen. Mr. Keleta did not tell Mr. Bishop that the business at the Eritrean Community Cultural Center was operating under the name Himbol because the community referred to the ECCC as the Eritrean Embassy.

### Federal Sentencing Guideline Calculation

Mr. Keleta objects to the guideline calculation as it improperly increases Mr. Keleta Offense Level based on the amount of "loss". The Federal Sentencing Guidelines

define Actual Loss as the reasonable foreseeable pecuniary harm that resulted from the offense. *Federal Sentencing Guidelines §2B1.1, Application of Subsection (a)(1)*. There government can point to no such harm. The evidence presented in the trial established that the money given to the Embassy for transmittal to Eritrea went to Eritrea and no one loss any money.

There was no loss as defined by the Federal Sentencing Guidelines nor was there any actual loss to anyone involved in this case. Mr. Keleta's Guideline Calculation should be a Base Offense Level of 6 §B1.1(a)(2), and a Criminal History Category of 1.

_____
James W. Beane, Jr.