UNITED STATES DISTRICT COURT

DISTRICT COURT OF COLUMBIA

---

DISTRICT COURT CASE NO.05CR371 - CKK

FILED

AUG 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

UNITED STATES OF AMERICA

APPELLEE

V.

KESETBRHAN M. KELETA

APPELLANT - PETITIONER

---

MOTION FOR RELEASE

OF

RECOGNIZANCE ON BOND OR BAIL

---

APPEAL FROM THE JUDGMENT ENTERED

IN THE UNITED STATES COURT OF APPEALS

DISTRICT OF COLUMBIA CIRCUIT

FEBRUARY 7,2006 AT  APPEALS NO. 07-3021

WASHINGTON, D.C. 20001

---

KESETBRHAN M. KELETA - PROSE

BOP # 28889-016

MVCC - D6
555 I Cornell Dr.
PHILIPSBURGH, PA 16866

---

TABLE OF CONTENTS

1. Cover letter to the court clerk---------------------- 1-1

2. Motion for release of bail or recognizance ----------1-3

3. Declaration of Kesetbrhan M. Keleta  -----------------1-5

4. Motion of memorandom of law --------------------------1-3

5. Table of Exhibits  ----------------------------------- 1-1

6. Conclusion ------------------------------------------- N/A

7. Certificate of Service ------------------------------ 1-1

August 8, 2007

District Court Clerk
United States District Court
District of Columbia
Washington, D.C. 20001

                    District Court Case No. 05CR371
                    Appeals Court Case No. 07-3021

Dear Sir/Madam,

        I am writing in regard to the Motion of Bail Release from
custody while the appeal court case is pending. Currently I have
a very difficult time to believe that the appeal court appointed
appellant counsel never contacted me from the day he was appointed
and the appeal filed on February 7, 2007, up to now. The appeals
court deputy special counsel advice the counsel to contact me but
he refused to do so and with out consulting his client he filed
the brief. Mean time I did ask the courts of appeals to grant my
motion for withdrawal of court appointed appellant counsel.
        Therefore, in order to meet my court appointed appelant
counsel and prepare all necessary documents for the appeals court
expedite its decision, I would appreciate if you can assist me
to process this application as soon as possible. It has been 6
months already with out doing any productive result.
        Enclosed please find documents from the counsel and other
necessary documents the court to review.
        Thank you very much for your cooperation.


                            Respectfully Submitted


                            _____
                            KESETBRHAN M. KELETA - PROS

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| APPELLEE | ) | |
| V. | ) | Case No. 05CR371 |
| KESETBRHAN M. KELETA | ) | APPEAL |
| APPELLANT – | ) | Case No. 07-3021 |
| PETITIONER | ) | MOTION FOR RELEASE ON RECOGNIZANCE BOND OR BAIL |

MOTION FOR RELEASE ON RECOGNIZANCE BOND OR BAIL

COMES NOW, Kesetebrhan M. Keleta, PROSE, and moves this Honorable Court Pursuant to Rule 46 (c), 18 U.S.C. § 3143, and Section 3142(b) or (c) the appellant urges the Honorable Court, to grant the Motion of Release in order the Movant able to represent and defend his case effectively.

In support of this motion, Movant says the following:

1. The defendant never been in trouble with law except the current

2. The defendant is not a flight risk or fear to harm the community

3. The defendant had never been incarcerated before trail nor after the verdict

4. The defendant was cooperating with the ICF agents while the investigation was conducting and he was able to travel overseas to manage his World Bank, African Development & US AID funded project

5. The defendant was up to date with the court schedual and appeared to every court meeting and was contacting with Pre-trail office once a week by phone from the begining of the case

6. The defendant was able to assist the government at any given time and provide very important and detailed information

7. The defendant gave all the information pertaining the investigation with out any consulting his firm counsel beacause he beleives as a law abide citzen and considering this critical time the country

is facing the difficulty of fighting the global terror and the

the security of the nation

8. The defendant has a family with a wife, and two doughters

9. The defendant has a business establishment from 2000 here in US

10. The defendant has a very strong relationship with church leaders, Community leaders and nation best industry business entreprenuers

11. The defendant has many extended family including Mother, brother, sister, father, mother-in-law, brother-in-law, sister-in-law and more

12. The defendant has lived more than 17 years and graduated with MBA and eventhough he is Canadian Citizen he never been in Canada as much as he was in US and considers United States as "__HOME__"

13. The defendant also appreciate and is thank full for all the respect and dignity the court extended to him through out trial

14. The defendant is thank full for the opportunity and the aproval the court gave him to pursue his appeal and prove his innocence by providing additional evidence and defend his rights

15. The defendant has obeyed the BOP order to self-surrender on March 29, 2007 at 2;00 PM and defendant was able to surrender at the same date and time

16. The defendant as soon as he surrender request a job position and with a weeks the Moshanonn Valley Corectional Center , Education department gave him assistant to the Librarian and within a month after getting aproval from BOP he was approved to have an __ECONOMICS__ __CLASS__ AND now the defendant is teaching his own class

17. The defendant also making additional contribution to the prison by working with the new warden on how to make it more rehabilitative and more productive becuse the prison is a year old and a privatley run

WHEREFORE, Movant KESETBRHAN M.KELETA respectfully moves, this Honorable Court should grant him the application, failure to prevent an irreparable miscarriage of justice from recurring before the appeal court has a chance to decide on the case.

Respectfully Submitted,

On this day, August 8, 2007

KESSTEBRHAN M. KELETA
PROSE

## DECLARATION OF

## KESETBRHAN M. KELETA

August 8, 2007

The defendant  is claiming that the attorney representation of criminal defense he had was deficient as to construed denial of federal constitutional rights to effective assistance of counsel.

In support of this declaration, Movant says the following: The counsel once a retained and later became a court appointed failed to provided the folloing:

1. consult about the legal steps of how, what and when should be taking in consideration when you decide the action

2. inform the defendant the crucial evidence about the grand jury testimony was existed

3. advice the defendant about the plea agreement the benefits or the disadvantage when knowing the defendant is a <u>CANADIAN</u> citizen and able to secure his immigration status

4. inform the defendant that the <u>BANKING AND INTERNATIONAL FINANCE EXPERT WITNESS,</u> the counsel told the defendant that he will not be able to win the case <u>WITH OUT THE EXPERT AND IT IS YOUR FREEDOM</u>, was not going to appear in the trial

5. to call all the key witnesses such as the Barly Snyder Law firm that adviced the defendant it is okey to work with the Embassy of Eritrea and also incorporated his corporation, the business acountant, business aquaintances , defendant wife and business owner, Eritrean-American who used the Embassy of Eritrea finacial service over a decade and bank employee who have great knowledge about the embassy business

6. to prepare the defendant for testifying and did not give the defendant the reason why he is not testifying while

the defendant was beging to testify to the last minute of
the trial

7. to file all the objects and motions that the defendant requested
such as before the trial the indictment, for evidence , for
the prosecutor's comment during the trial and during the closing
argument, for the exhibits about the document and signature
with the respect of the actual date, with the transaction of
the bank transfer while the defendant out of the country for
over 4 month, with the testimony of the embassy diplomat, the
cross examination of the agent who swore under oath that witness
told him that Eritreans transfer thier money through the embassy
see( exhibit  )

8. to present all important embassy transaction corrspondence
between other embassies and how the embassies diplomat exchange
the fax of confirmation to who to pay, the embassy account they
opened on thier own order, intention and plan to use it for the
government operation since 1993, the ministry of finance documents
sent from Eritrea to register and insert to database in the
serial number they provide in order they can audit it the same
way in Eritrea after it was sent by diplomatic pouch evry month,
the copy of all checks payable to the Eritrean Embassy but not
the name stated on the indictment

9. to object the crusial evidence the prosecutor presented of the
defendant compensation of $ 150,000.00 when infact it was
approximately $ 60,000.00 and unpaid fee because the defendant
objected to participate to unlawfull business practice when he
was asked by the embassy to allow the diplomat to work in his
office

10. to answer to the questions the defendant asked him deuring the
the trial and told him " Do not bother me I am paying attention
to the prosecutor " again when the defendant felt to object

on the closing argument the prosecutor statment a) the defendant could make up his position when infact it is not on the signature card of the bank when infact the defenadant has the education and the experience and worked as the same position on various projects, b) the defendant hide and lied to his own partner that the business is existed when infact there was no business and it was government operation directed, managed, controlled by the diplomats and owned by the government. When the defendant want to object again the secound counsel told him do not talk to the trial counsel cause he is listening the closing argument

11. to present any kind exhibits to the jury out of hundreds of document like the prosecutor presented

12. to meet with the defendant for weeks and did not return any phone call while the defendant worried how to prepair for the trial and on the eve of the trial the counsel e-mail him at 5:00 PM and requested if the defendant call the prosecution witnesses and ask them to come at 8:00 AM to talk to the counse at the court house. When the defendant was upset about the situation the counsel told him " do not worry the court is aware of that". The defendant had similar experience that at one moment the counsel was a way and the defendant appeared by himself

13. to guarantee the defendant as he promised him repetedlly that the judge will not send you to jail but supervisory release

14. to inform him about any discussion the counse has with the prosecutora

15. to guarntees the case to be dismissed because there was no intention on the defendant and defendant work as a consultant

16. to impeach the government witness when in deed had the chance to prepare over months on the case and the grand jury testimony

17. to meet the defendant when the defendant request for it in

order to understand the case and prepare for the trial and the
counsel told the defendant he can not because he in on 2-3 trials
and aslo he travels every other week because he teaches in
university and every time the defendant made a call counsel
secretary told him he is away out of town

18. to know about the countries and the capital city the embassy was
corrsponding with. During the trial the counsel asked his aid
counsel " **WHAT IS JIDDAH** " when the prosecutor display a exhibit
when infact he should aske him more relevant "**WHERE IS JIDDAH**"
and this shows the counsel was never prepared to object or explain
the jury about what and when and where and who,,of the transaction
was processed

19. to make enough research to prepar for the trial, because during
the trail the counsel requested if he can get more time and more
documents from the prosecutor when infact the jury are going
through the trial almost for the 3rd day

20. to explain why the defendant should or should not testify a head
of time but when the defendant requested before the final hour
of the trial , the aid of the counsel aske the defendant "
" **DO YOU WANT TO GO TO JAIL OR YOU WANT TO GO TO YOUR FAMILY** ",
when the defendant replied I want go home the counsel told him
"**THEN SHUT UP WE KNOW WHAT WE DOING**". The defendant was confused
and discarged to repond any thing.

21. to meet with the defendant to file any kind the defendant what
is relevant to the verdict and other related when the government
announce about his verdict as if he used his own business and hide
under the radar and kept his office under the community center and
people who do business with the defendant called him and told
him they do not want to do business, and other rmove his business
sign, his business went under and people consider him as someone
who support terrorist. When the defendant call the court after weeks

the counsel return the phone call and told the defendant your

case is not such urgent and every one knows that government lie

22. to updated the defendant about the PSI objection the defendant

gave hime and while the defendant was in carceration he found

out that the objection he made were not on the PSI.

23. to present any mitigating evidence during the sentencing

24. to inform the defendant that he was not prepared and he request

extention for the sentencing

25. to file an appeal after he told the defendant the day of filing

and the defendant filed himself

26. to inform the defendant that the same counsel was appointeed

for the appellant on the appeal court for over 6 month and up to

the present time. Even when the appeal court special counsel

Mrs. Dunn wrote him numerous letters he refused to respond

27. knowing it is a conflict of interest to represent the defedant

in a trial and appeal, the counsel accept the appointment and

with out informing his client for over 6 month he filed a breif.

And the defendant before he self-surrender on March 29, 2007

he visited the counsel around the end of the month of February

to get his transcript and told the defendantfirst I did not get

and second I do not think it is a good idea because the court

would be suspicious about the request.

28. to cross-examine the agent of ICF Mr. Austin who investigate

the case and the defendant had interview with him

29. to object or file motion to disclose the identity of the

confidential source

30. to present to the jury the testimony of Agent Mr. Austin, that

he interviewed an Eritrean-American taxi cab driver and told

him that Eritreans from all the states send money to Embassy

Eritrea, and the embassy has a branch on 600 L street on E.C.C.C,

and the embassy charges them $10 - $15 fee for transfer

5-OF-5

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| APPELLEE | ) | District Court Case No. 05CR371 |
| V. | ) | Appeals Court Case No. 07-3021 |
| KESETBRHAN M. KELETA | ) | MEMORANDOM OF LAW |
| APPELLANT | ) | IN SUPPORT |
| PETITIONER | ) | OF APPLICATION FOR RECOGNIZANCE BOND OR BAIL |

MEMORANDUM OF LAW

IN SUPPORT OF APPLICATION FOR RECOGNIZANCE BOND OR BAIL

COMES NOW, KESETBRAHN M. KELETA, PROSE, and Moves this Honorable Court, pursuant 46 (C), 18 U.S.C. § 3143 , the appellant urge the district court to grant the motion of the release, and Movant presents this Memorandum Of Law.

In support of this Memorandum of Law, Movant is providing the following cases :

The Movants was on RECOGNIZANCE for the entire time of the case and up to the time the court order him to SELF-SURRENDER. Movant filed an appeal on February 7, 2006, and with out his knowledge, the court appointed an appellant counsel and for the last 6 months the appointed appellant counsel did not make any effort to contact his client. To add insult to injury, the appointed appellant counsel, with out consulting his client and explore any of his claims, he filed the brief. The Movant, made enough effort to inform the court that the same counsel was representing the Movant in a trial and the Movant does want to have similar expereince on this appeals court. In addition the appointed appellant counsel should be able to know that it is a conflict of interest to represent the same client on trial and appeal.

However, the time that the counsel spent over 6 month could be

help full to the Movant in expediting hi case from the appeals court.

Therefore, as the result of this an excusable neglect the Movantis

right is violated and is a miscarriage of justice to intentional,

and knowingly to ignore and abuse defendants right when infact it

is the counsel priority duty to protect and assist a client.

Bail is " BASIC TO OUR SYSTEM OF LAW " , HERZOG V. UNITED STATES,

99 L ED 1299, 1300 , 75 SCt349,350. Though it is not available as

a matter of right in every case, and though it may at times be abused,

equal justice under law requires that " bail not be denies even a

notorious law-violator if he has a substantial questionto be resolved

on appeal. See also, COHEN V. UNITED STATES , 7 L ED 2D 13, 82 SCt

8 (1961.

The Movant at this juncture is, trying to understand what

went wrong with his case because he is confused and is in a disturbance

of ways when he found out that for the last 6 month the Movant had

a court appointed appellant counsel and with out consulting him ,

the counsel filed a brief. The court deputy special counsel informed

the Movant, that she sent a letter to the counsel and yet the counsel

did not make any effort to contact his client. The main duty of

appointed appellant counsel by court for direct criminal appeals

include investigating a claim of ineffective assistance of counsel

and considering whether the client's interests requirethe filing of

the motion under 2310 based on ineffectiveness of a trial counsel:

the duty to investigate possible claims, is triggered by what appellant

and the trial counsel tell appellate counsel in response to a

reasonably through inquiry, and what is reasonably noticeable from

the trial court records. See DOE V. UNITED STATES, D.C. 583,A.2d

670 ( 1990 ). The appointed appellant counsel at least should know

the above stated basic principle of counsel representation but he

failed to do so.

The Movant urge the Honorable court to accept his Moves, that he want to be able expedite his appeal case effectively and vigorously, with the possible new court appointed appellant counsel, by having face to face meeting in a close proximity, in preparing all relevant case documents and case law and the Movant experience during the trail court and produce more meaning full legal argumnent for the courts of appeal with out delay.

WHEREFORE, Movant KESETBRHAN M. KELETA respectfully moves, this Honorable court should grant him the application, failur to prevent an irreparable miscarriage of justice from recurring before the appeal court has a chance to decide on the case.

Respectfully Submitted,

On this day, August 8, 2007

_____

KESETBRHAN M. KELETA

PROSE

## TABLE OF EXHIBITS

1. Motion to appoint appellant counsel ---------------1-2

2. Deputy of Special counsel letter -------------------1-1

3. Defendants response motion letter----------------- 1-3

4. Deputy of Special counsel letter ----------------- 1-1

5. Defendants reponse motion letter ----------------- 1-1

6. Barly  Snyder advice legal letter ---------------- 1-●12

7. Agent affidavit letter for the court ------------- 1-5

8. District Columbia banking statue ----------------- N/A

9. District Columbia treasury statue --------------- N/A

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    )
Plaintiff,                  )
v.                          )    Case No. 05CR371
KESETBRHAM M. KELETA        )
Defendant.                  )
-----------------------------------------------------------------

## MOTION TO APPOINT APPEALS COUNSEL

COMES NOW, Kesetbrham M. Keleta, PROSE, and moves this
Honorable Court pursuant to Rule 44 and his right under the Sixth
Amendment of the United States Constitution, for the appointment
of appellate counsel.

In support of this motion, movant says the following:

1. Movant filed a Notice of Appeal on February 2, 2007.

2. Honorable Judge Colleen Kollar-Kotelly informed movant that
   an appellate counsel was to be appointed to him.

3. Movant sent a letter to the Clerk of Court for the District of
   Columbia, United States District Court, in the first week of
   April to inquire about his appointed counsel's information.
   No responses were entertained for this inquiry.

4. Douglas v. California, 372 U.S. 353, 9 L.Ed. 2d 811, 83 S.Ct.
   814 (1963), that a criminal defendant has a right to counsel
   on his first appeal, and Myers v. Johnson, 76 F.3d 1330, 1333
   (5th Cir. 1996), that the Fourteenth Amendment guarantees of
   Due Process and Equal Protection, to the effective assistance
   of counsel on the first direct appeal from conviction, are
   being violated by movant not being informed of whether counsel

was appointed and if so of the contact information of latter.

5. Movant has also requested a copy of his docket sheet but the latter was not sent to him. Movant is currently appearing in Forma Pauperis.

WHEREFORE, movant Kesetbrham M. Keleta, respectfully moves this Honorable Court to grant him the relief he requests.

Respectfully submitted,

Dated: May 17, 2007

_____
Kesetbrham M. Keleta
PROSE

-2-

# United States Court of Appeals

### District of Columbia Circuit
### Washington, D.C.  20001-2866

Mark J. Langer
Clerk

May 29, 2007

General Information
(202) 216-7000

Kesetbrham M. Keleta
#28889-016
555 Cornell Drive
D-6
Philipsburg, PA 16866

No. 07-3021, <u>United States v. Keleta</u>

Dear Mr. Keleta:

 I am writing in response to your "motion to appoint appeals counsel," received by the court on May 22, 2007.  Please be advised that James W. Beane, Jr. has been appointed to represent you on appeal.  A copy of the docket for your case, which contains Mr. Beane's address and telephone number is enclosed with this letter.

 Because you are represented by counsel, your motion will not be docketed.  In the future, please contact your attorney if you have any questions or concerns.  Please also note that I have sent Mr. Beane a copy of this letter and your motion.

Sincerely,

Nancy G. Dunn
Deputy Special Counsel

Enclosure

cc: James W. Beane, Jr. (enclosure)

July 17, 2007

Nancy G. Dunn
Special Counsel
District of Columbia Court of Appeals
333 Constitution Av. N.W.
Washington, D.C., 20001-2866

Case No. 07-3021 United States V. Kesetbrhan M. Kelta

This is to inform you that I have received your letter dated July 13, 2007 , on July 18, 2007 at 7;00 PM. Thank you for expediting my request. As I have stated in my previous letters, again I urge you to submit , as soon as possible and as you can, this enclosed motion to withdrawal of appointed counsel, to the court of appeals judges. It has been a horrible expereince for me & my family during the trial and on this appeal case. I have trusted and depend on the counsel advice and promises. And now, as you have witnessed, he ignored the court order and advice to serve his client.

Therefore, this counsel is not qualified by any standard to hear and present my case as I have expereinced as ineffective assistance of counsel during my trial and on this appeal case. I do not have any trust and any confidence on him to representing me on this appeal case. In addtion, for the last week and the begining of this week, the prison had experienced some problem and we were on lockdown. I could not make any call or sent you in advance the intended letters. You can contact my Unite manager Mr. Nevlein if you have any question.

Thus, I request respectfully, the court of appeal to reappoint me a new appeal counsel. Mean time I will send you all the material and my requests the appeal court to hear about it, and make a usefull meaning about the entire case. I am getting access to law library this week so I just need few days eventhough I did not receive all the transcript and court document I needed to respond.

Respectfully, Pro-se

Kesetebrhan M. Keleta

UNITED STATES APPEALS COURT

DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        )

APPELLEE,                       )

V.                              )        CASE NO. 07-3021

KESETBRHAN M. KELETA            )

APPELLANT.                      )

------------------------------------------------------------------

MOTION TO WITHDRAW APPOINTED APPELLATE COUNSEL

COMES NOW, Kesetbrhan M. Keleta, PROSE, and moves this Honorable Court pursuant to Rule   and his right under the Sixth Amendment of the United States Constitution, for the appointed of appellatecounsel to withdraw.

In support of this motion, movant says the following:

1.  The issue to Dismiss the indictment

2.  The issue to right to effective assistance

3.  The isuue to grand jury & subpoena witness

4.  The issue to confidential source

5.  The issue to the statue of 18 U.S.C. 1960

6.   The issue to arrest

7.  The issue to pretrial preparetion

8.  The issue to plea agreement

9.  The issue to expert witness

10.  The issue to application of banking commision of D.C

11.  The isuue to Control, Supervise,Manage & Leader

12.  The Issue to guilty by association

13.  The issue to prosecutorial misconduct

14  The issue to closing argument

15.  The issue to PSI

16.  The issue to sentencing disparity

17.  The issue to failure to file papers required for full appellat review

As the Supreme court support the rule that an accused's right to counsel an initial appeal as of right , under provisions of federal constitution includes the right to the effective assistance of counsel. See EVitts V. Lucey (1985) 469 US 387, 83 LED 2D 821, 84 LED .2D 841. And the due process and equal protection clauses of

In addition the court appointed appeal counsel never tried to contact his client when he was appointed, and when his client contact him before his surrender time which until March 29, 2007 for any addtional court information or court documents for him to have it while he is in prison, knowing that the defendant filed motion on the Month of May , 2007 and the court clerk sent him a copy, and the defendant request the court to acknowledge the court order was not implimented when the appeal counsel did not represent his client as the matter of his right, and receiving not only once but numerous times from the defendant and from the court clerk from the day the counsel appointed February 2, 2007 up to July 23, 2007, the appeal counsel chose to ignore the rightt of his client.

For these reasons stated on the above, the appellate counsel can not serve the accused's interest with out asserting all required specific and important issues and ground of appeal. The defendant asserts that the appellant counsel during the trial ignored all the motion request the defendant have made timely. Defendant is entitled to effective counsel throughout the entire trial procedure, including the appeal: appellate counsel have a duty to file a  A§ 23-110 motion if defendant requested it. See Williams V. United States, App. D.C. 783 A.2d 598 (2001). However, in this case counsel did not even contact his client to present his client request to the appeal court. The reason , the defendant to contact the court clerk was as the result of the trial experience the defendant had and it would not change a bite of this counsel behavior in this appeal process. The defendant also made similar request to the trial court after the verdict.

WHEREFORE, Movant Kesetbrhan M. Keleta, respectfully moves this Honorable court to grant him extending the appeal brief date, the request of new court appointed appellant counsel and the relief he request by dismissing the indictment and any other relief this court feels is necessary.


AFFIANT FURTHER SAYTH NAUGT                    Respectfully  - Pro-se

                                              KESETBRHAN M. KELTA

# United States Court of Appeals
### District of Columbia Circuit
### Washington, D.C.  20001-2866

**Mark J. Langer**
**Clerk**

July 13, 2007

**General Information**
**(202) 216-7000**

James Wendell Beane, Jr.
Law Office of James W. Beane, Jr.
2715 M Street, NW
Washington, DC 20007

No. 07-3021, <u>United States v. Keleta</u>

Dear Mr. Beane:

    Enclosed please find a letter from your client Mr. Keleta.   As you know from previous correspondence in this matter, I have already advised Mr. Keleta that he should direct his inquiries to you.  I trust you will be in contact with your client soon.

Sincerely,

Nancy G. Dunn
Deputy Special Counsel

Enclosure

cc: Kesetbrhan M. Keleta (without enclosure)
    A. J. Kramer, Federal Public Defender

July 31, 2007


Nancy G Dunn
special counsel
United States Court of Appeals
District of Columbia Circuit
Washington, D.C 20001-2866

                        Case No. 07-3021 United States V. Keleta

Dear Ms. Dunn,


        Thank you for returning the phone call to my case manager
and communicating with her on e-mail. I can not tell how much I do
appreciate the responsibility you have shown me on this unmanagable
problem between a counsel and a defendant. I never knew  things at
this level counld be unprofessional but I am learning. I would like
to share with you , that the facility is a private run and it is new
with 5 typewriters and 2 touch screen law library. for over 1300
inmates. You have only 4 hours a day to be able work on the library
as first come first service and 2 hours by call outs in the evenings.
Therefore, I would appreciate , understanding this if you can extent
time to work on my case. Again as of today I did not received any
information from Mr. Dean the court-appointed counsel. All the
information I have sent you is based on my memory of the trail and
copy I got of the grand jury before I surrender on March 29, 2007.


        Therefore, please advice the situation to the court all
this months not knowing I had a court appoint counsel and did not
prepared my case is a shame and I am sad about it. The counsel was
was a retained counsel until he felt change the payment plan and let
the court assist me. I never miss his payment and I do not know why
legally apointed counsel could act this way. Thus, I do urge you to
assist me in this difficult sitiuation. And please find enclosed the
motion for the legal records.

                                        Respectfully Submitted

Enclosure ( motion )
                                        Kesetbrhan M. Keleta



100 East Market Street    P.O. Box 15012    York, PA 17405-7012    Tel (717) 846-8888    Fax (717) 843-8492

*Attorneys at Law*
www.barley.com

York    Lancaster    Harrisburg
Reading    Hanover    Chambersburg

CRAIG T. TREBILCOCK, ESQUIRE
Direct Dial Number: (717) 852-4988
E-mail: ctrebilcock@barley.com

July 20, 2001

*via Federal Express and*
*Facsimile Transmission (202) 829-7289*

Mr. Kass Keleta
3210 Chestnut Street NW
Washington, DC  20015

Dear Mr. Keleta:

I am writing in regard to your request that our office investigate and evaluate potential business commitments with Direct Merchants Bank.  We are working on this issue.  However, in the interim, please let me advise you that you should have no direct business involvement in the international transfer of funds.  You currently have an application pending to accomplish this purpose through registration with the government of the District of Columbia.  While it is permissible for you to do general consulting, you may not directly accept accounts, customers or funds.  To do so would put your proposed business enterprise in jeopardy and perhaps subject you to civil/criminal penalties.

Thank you for your consideration of my views on this matter.

Sincerely,

Craig T. Trebilcock

CTT:os:1000779.1



Craig T. Trebilcock, Esquire
Direct Dial Number: 717.852.4988
E-mail: ctrebilcock@barley.com

October 14, 2004

*via Federal Express*

Jay I. Bratt, Esquire
Assistant United States Attorney
District of Columbia Judiciary Center
555 Fourth Street, N.W.
Washington, D.C.  20530

      Re:   **Mr. Kesetebrhan Keleta**

Dear Mr. Bratt:

     I am in receipt of your letter of September 21, 2004, advising my client Mr. Kesetebrhan Keleta that he is the target of a grand jury investigation.  Mr. Keleta is currently represented by our office on this matter, and I request that you direct any further communication regarding this matter to me.  Mr. Keleta declines your invitation to voluntarily testify before the grand jury.

                    Sincerely,

                    Craig T. Trebilcock

CTT:cs:1324409.1
cc:    Mr. Kesetebrhan Keleta



**BarleySnyder**

ATTORNEYS AT LAW

100 East Market Street
P.O. Box 15012
York, PA 17405-7012
Tel 717.846.8888  Fax 717.843.8492
www.barley.com

**Craig T. Trebilcock, Esquire**
Direct Dial Number: 717.852.4988
E-mail: ctrebilcock@barley.com

May 12, 2005

Mr. Kesetebrhan Keleta
1201 South Queen Street
York, PA  17403

Dear Mr. Keleta:

I am writing to provide you with an update of the grand jury proceedings and investigation relating to suspected improper funds transfers by the Eritrean Community Center in Washington, DC.



As you may recall, you had received an invitation from the U.S. Attorney's Office to come testify before the grand jury pertaining to whether you had any knowledge of improper dealings through that entity. My legal advice to you was not to appear at this time, as the invitation noted that you might be deemed a subject of the investigation. Although there is no apparent truth to that allegation, under our system, it is in your best interests at this point to protect your legal rights by remaining silent on the matter.

There is no indication to date that the Department of Justice and/or Department of Homeland Security have concluded their investigation into this matter. Accordingly, your immigration status continues to remain held in limbo by the government until this issue is resolved. The Government is apparently holding the processing of your adjustment of status application in abeyance until this is resolved. Accordingly, please be advised of two important issues.

First, you are still legally present in the United States due to your pending adjustment of status application. However, in view of the investigation and grand jury proceedings, you should not attempt to travel outside of the United States until this matter is resolved. Further, your travel permit (advance parole) has not been approved by the U.S. Government and likely will not be approved until the investigation is concluded.

Second, please be aware that any attempt on your part to travel at this point could potentially be deemed by the Attorney General and the Department of Homeland Security as an illegal attempt to depart the United States to avoid the investigation. Although you have not been identified as a suspect in the above-referenced investigation, by attempting to invite you before the grand jury and notifying you that you may be deemed a potential target of the investigation, it is possible that the Attorney General could take the position that an attempt to depart the United States at this point was improperly motivated in order to avoid or thwart U.S. judicial proceedings.



**Barley, Snyder, Senft & Cohen, LLC**
York • Lancaster • Harrisburg • Reading • Berwyn • Hanover • Chambersburg

May 12, 2005
Page 2

Accordingly, please be advised that it is my legal recommendation that you continue to remain in the United States and to not travel outside of our borders until and unless we are able to determine that the Department of Justice has terminated all proceedings to which you are currently designated as a witness/potential target.

Sincerely,

Craig T. Trebilcock

CTT:cs:1396429.1

Sworn and subscribed to
before me this 12th day
of May, 2005.

Notary Public

My Commission Expires:



Notarial Seal
Elizabeth M. Einsig, Notary Public
City of York, York County
My Commission Expires Sept. 19, 2005
Member, Pennsylvania Association of Notaries

**BarleySnyder**

ATTORNEYS AT LAW

100 East Market Street
P.O. Box 15012
York, PA 17405-7012
Tel 717.846.8888  Fax 717.843.8492
www.barley.com

Craig T. Trebilcock, Esquire
Direct Dial Number: 717.852.4988
E-mail: ctrebilcock@barley.com

October 15, 2004

Mr. Kesetebrhan M. Keleta
1201 South Queen Street
York, PA  17403

Dear Mr. Keleta:

I am writing in regard to the notice you have received from the United States Attorney's Office in Washington, DC, informing you of an investigation of the Eritrean Cultural and Civic Center which designates you as a target of the investigation. When you are designated as a target, this is a very serious matter, which means that the United States Attorney believes it has indications that you might possibly have personal criminal liability as a result of their investigation. You have not been charged with a crime, but being designated as a target before the grand jury means that the United States Attorney's Office feels that with the current information it has in its possession, you may possibly be charged with a crime.

Against this background, my advice is as follows. First, you should have no further interaction with any persons who may also be the subjects or targets of this investigation. That includes persons involved with the Eritrean Cultural and Civic Center, as well as individuals at the Eritrean Embassy. It is my understanding that individuals from within the Embassy had connections with the functions of the Civic Center and may have engaged in improper activities. As such, if you have any future dealings with these individuals before this matter is resolved, that creates an appearance that may be adverse to your interests.

Further, as I have mentioned to you on the telephone, you should not discuss this case, its status, or any facts surrounding it with any individual. Any person you discuss this matter with becomes a potential witness. While you have nothing to hide, every statement you make can be used in a court of law against you. Further, if a person misunderstands or misinterprets what you say, they could unwittingly become a source of adverse information against you, albeit due to the fact that they misunderstood what you said. In short, the best way to protect yourself in these types of proceedings is to say nothing. If you are approached by anyone from the United States Attorney's Office or United States law enforcement officials, I suggest that you exercise your right to remain silent and to consult with counsel and to call me immediately. We are in a situation where we do not know the scope of the investigation nor exactly what wrongdoing is being alleged. However, it is clear that many individuals from Eritrea may be subjects or targets of this investigation. Until the dust settles and it becomes clear who has engaged in wrongdoing and who has not, your best defense is to remain separate and apart from those individuals and to exercise your right to remain silent.

This is a very serious matter, as in the post-9/11 era, the United States is placing all of its resources into combating the war on terrorism, including the improper transfer or laundering of funds. I

October 15, 2004
Page 2

do not know if this is the activity that is being investigated with the Eritrean Cultural and Civic Center, but as it had a function in transferring money overseas, I am sure that the United States Attorney has suspicions about whether all of that activity was legitimate or not.  I expect that the United States Attorney is approaching this case as a conspiracy action and perhaps could result in a prosecution under the RICO statute, among other prosecutorial avenues.  Accordingly, this is likely to be a very complex, time-consuming, and stressful case.

This will also likely be very time-consuming from a legal standpoint to provide you with advice and, if necessary, a defense to this matter.  Accordingly, our firm needs to request a retainer of $15,000.00 from you to cover our expected near term legal costs.  We handle matters of this nature on an hourly basis.  My current hourly rate is $225.00 per hour.  I am assisted by a paralegal whose hourly rate is $105.00 per hour.  The way a retainer works is that we charge our time against the retainer and subtract our fees on a monthly basis from that retainer.  When the retainer is exhausted, if it is exhausted, then we come back to you and request that you replenish the retainer.  I cannot give you an estimate of the full scope of legal fees that will apply in this matter, because that is subject to actions to be taken in the future by the United States Attorney, an entity over which we have no control.  If the United States Attorney does indeed proceed with criminal charges against you, however, you can count upon the fact that your legal fees could well be in the mid to high five-figure range or even the six-figure range in a case of this complexity.  Accordingly, I recommend that you plan financial arrangements accordingly.

Please give me a call with questions regarding any of the above matters.  If you agree to the above terms of representation, please sign on the line below and return the original of this letter to our firm, keeping a copy for yourself.  Under the Pennsylvania ethical rules, when entering into a new representation of this type, a fee arrangement must be made in writing.

Sincerely,

Craig T. Trebilcock

CTT:cs:1324706.1
Enclosures

I have read and understand the terms of representation outlined in the foregoing letter, and I hereby accept those terms of representation.

Date: __11 | 18 | 04__          By _____
                                   Kesetebrhan M. Keleta



100 East Market Street
P.O. Box 15012
York, PA 17405-7012
Tel 717.846.8888  Fax 717.843.8492
www.barley.com

**Craig T. Trebilcock, Esquire**
Direct Dial Number: 717.852.4988
E-mail: ctrebilcock@barley.com

October 14, 2004

Mr. Kesetebrhan M. Keleta
1201 South Queen Street
York, PA  17403

Dear Mr. Keleta:

I'm writing in regard to your current immigration status in view of the current investigation in regard to the activities of the Eritrean Cultural and Civic Center in Washington, DC.  As per correspondence from the Assistant United States Attorney in Washington, DC, you are currently considered a target of that investigation.  While the basis for them designating you as a target is currently unclear, it appears to me that it is likely due to your former transactions with the Cultural Center, as well as your interaction with certain personnel from the Eritrean Embassy.

I expect that you will be summoned to appear before the grand jury in Washington, DC, in regard to your interactions with these organizations, among other matters.  In view of this situation, it is imperative that you do not leave the United States.  If you attempt to leave the United States at this point, it is likely that the United States law enforcement officials could consider you as fleeing from these legal proceedings and even potentially designate you as a fugitive.  If you do leave the United States, there is a significant likelihood that you will not be let back into the country due to the pending legal proceedings of which you have been designated as a target.

As such, my strong recommendation is that you remain in the United States until this grand jury proceeding and any attendant legal proceedings resulting from that resolve themselves.  Based upon the information you have provided, I am optimistic that you will not be found responsible for any wrongdoing.  However, until the Assistant United States Attorney likewise becomes convinced of that fact, it is necessary for you to remain in the United States.

If you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,

Craig T. Trebilcock

CTT:cs:1324704.1

**Barley, Snyder, Senft & Cohen, LLC**
York • Lancaster • Harrisburg • Reading • Berwyn • Hanover • Chambersburg



**BarleySnyder**
ATTORNEYS AT LAW

100 East Market Street
P.O. Box 15012
York, PA 17405-7012
Tel 717.846.8888  Fax 717.843.8492
www.barley.com

Craig T. Trebilcock, Esquire
Direct Dial Number: 717.852.4988
E-mail: ctrebilcock@barley.com

April 18, 2002

Mr. Kasetebrhan Keleta
Himbol Financial Service, Inc.
3210 Chestnut Street NW
Washington, DC  20015-1412

Dear Mr. Keleta:

We have received the license approval from the government of the District of Columbia for operation of the business.  This license is non-transferable, and the operations of the organization are limited to those individuals approved in the license application.

It is now necessary to take several steps to implement the operations of the business consistent with local and federal banking requirements.  It is expected that the operation will conduct itself with appropriate security and confidentiality precautions.  These include the implementation of appropriate security systems to protect the funds, including the installation and use of appropriate surveillance technology.  Himbol must utilize and implement appropriate financial application software and corresponding forms to process and track the transfer of funds.  The organization needs to conduct appropriate monitoring and reporting for daily transactions and must utilize appropriate internal revenue service forms for transactions of significant size.

Please be aware that adherence to these requirements will be expected by the District of Columbia and are necessary in order to obtain future renewals of the license that they have issued thus far.  You can expect that the District of Columbia will conduct an appropriate follow-up review with Himbol and inspections of the premises, as necessary, to ensure that these requirements are complied with.

If you have any questions regarding these procedures or requirements, please do not hesitate to contact me.

Sincerely,

Craig T. Trebilcock

CTT:cs:1071091-1

Barley, Snyder, Senft & Cohen, LLC
York • Lancaster • Harrisburg • Reading • Berwyn • Hanover • Chambersburg

FedEx | Ship Manager | Label 7913 6182 9575

From.  Origin ID:  (717)846-8888
Carole Slagle
BARLEY SNYDER
100 E. Market St

York, PA 17401


**FedEx**
Express

**E**

CLB0914040S/05

Ship Date. 14OCT04
Actual Wgt: 1 LB
System#. 1112614/INET1900
Account# S *********

REF· 21791-4



Delivery Address Bar Code

SHIP TO.  (202)353-3602       BILL SENDER

**Jay I. Bratt, Esquire**
**Assistant United States Attorney**
**District of Columbia Judiciary Cent**
**555 Fourth Street, N.W.**
**Washington, DC 20530**



**PRIORITY OVERNIGHT**                    **FRI**
                                        Deliver By.
TRK#  **7913 6182 9575**   FORM    15OCT04
                            0201
                                   **IAD**      A2

**20530**  -DC-US

**ZM NHKA**



---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.

2. Fold the printed page along the horizontal line.

3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**BarleySnyder**

ATTORNEYS AT LAW

100 East Market Street
P.O. Box 15012
York, PA 17405-7012
Tel 717.846.8888  Fax 717.843.8492
www.barley.com

**Craig T. Trebilcock, Esquire**
Direct Dial Number: 717.852.4988
E-mail: ctrebilcock@barley.com

November 18, 2004

*Hand Delivery*

Mr. Kesetebrhan M. Keleta
1201 South Queen Street
York, PA  17403

Dear Kas:

I understand there was some trouble with mail delivery to your address, so I am having this dropped by.  Hope things are well.  I have not heard back from the U.S. Attorney.

Sincerely,

Craig T. Trebilcock

CTT:cs:1324706.1
Enclosure

# BarleySnyder
### ATTORNEYS AT LAW

100 East Market Street
P.O. Box 15012
York, PA 17405-7012
Tel 717.846.8888  Fax 717.843.8492
www.barley.com

**Craig T. Trebilcock, Esquire**
Direct Dial Number: 717.852.4988
E-mail: ctrebilcock@barley.com

October 15, 2004

Mr. Kesetebrhan M. Keleta
1201 South Queen Street
York, PA  17403

Dear Mr. Keleta:

**C**
**O**
**P**
**Y**

I am writing in regard to the notice you have received from the United States Attorney's Office in Washington, DC, informing you of an investigation of the Eritrean Cultural and Civic Center which designates you as a target of the investigation.  When you are designated as a target, this is a very serious matter, which means that the United States Attorney believes it has indications that you might possibly have personal criminal liability as a result of their investigation.  You have not been charged with a crime, but being designated as a target before the grand jury means that the United States Attorney's Office feels that with the current information it has in its possession, you may possibly be charged with a crime.

Against this background, my advice is as follows.  First, you should have no further interaction with any persons who may also be the subjects or targets of this investigation.  That includes persons involved with the Eritrean Cultural and Civic Center, as well as individuals at the Eritrean Embassy.  It is my understanding that individuals from within the Embassy had connections with the functions of the Civic Center and may have engaged in improper activities.  As such, if you have any future dealings with these individuals before this matter is resolved, that creates an appearance that may be adverse to your interests.

Further, as I have mentioned to you on the telephone, you should not discuss this case, its status, or any facts surrounding it with any individual.  Any person you discuss this matter with becomes a potential witness.  While you have nothing to hide, every statement you make can be used in a court of law against you.  Further, if a person misunderstands or misinterprets what you say, they could unwittingly become a source of adverse information against you, albeit due to the fact that they misunderstood what you said.  In short, the best way to protect yourself in these types of proceedings is to say nothing.  If you are approached by anyone from the United States Attorney's Office or United States law enforcement officials, I suggest that you exercise your right to remain silent and to consult with counsel and to call me immediately.  We are in a situation where we do not know the scope of the investigation nor exactly what wrongdoing is being alleged.  However, it is clear that many individuals from Eritrea may be subjects or targets of this investigation.  Until the dust settles and it becomes clear who has engaged in wrongdoing and who has not, your best defense is to remain separate and apart from those individuals and to exercise your right to remain silent.

This is a very serious matter, as in the post-9/11 era, the United States is placing all of its resources into combating the war on terrorism, including the improper transfer or laundering of funds.  I

October 15, 2004
Page 2

do not know if this is the activity that is being investigated with the Eritrean Cultural and Civic Center, but as it had a function in transferring money overseas, I am sure that the United States Attorney has suspicions about whether all of that activity was legitimate or not. I expect that the United States Attorney is approaching this case as a conspiracy action and perhaps could result in a prosecution under the RICO statute, among other prosecutorial avenues. Accordingly, this is likely to be a very complex, time-consuming, and stressful case.

This will also likely be very time-consuming from a legal standpoint to provide you with advice and, if necessary, a defense to this matter. Accordingly, our firm needs to request a retainer of $15,000.00 from you to cover our expected near term legal costs. We handle matters of this nature on an hourly basis. My current hourly rate is $225.00 per hour. I am assisted by a paralegal whose hourly rate is $105.00 per hour. The way a retainer works is that we charge our time against the retainer and subtract our fees on a monthly basis from that retainer. When the retainer is exhausted, if it is exhausted, then we come back to you and request that you replenish the retainer. I cannot give you an estimate of the full scope of legal fees that will apply in this matter, because that is subject to actions to be taken in the future by the United States Attorney, an entity over which we have no control. If the United States Attorney does indeed proceed with criminal charges against you, however, you can count upon the fact that your legal fees could well be in the mid to high five-figure range or even the six-figure range in a case of this complexity. Accordingly, I recommend that you plan financial arrangements accordingly.

Please give me a call with questions regarding any of the above matters. If you agree to the above terms of representation, please sign on the line below and return the original of this letter to our firm, keeping a copy for yourself. Under the Pennsylvania ethical rules, when entering into a new representation of this type, a fee arrangement must be made in writing.

Sincerely,

Craig T. Trebilcock

CTT:cs:1324706.1
Enclosures

I have read and understand the terms of representation outlined in the foregoing letter, and I hereby accept those terms of representation.

Date: ___11 | 10 | 04___          By_____

Kesetebrhan M. Keleta

AO106(Rev 5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

600 L Street. N.W
2ⁿᵈ Floor
Washington. D C

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

CASE NUMBER:

(Further described below)

I ____Steven Austin_____being duly sworn depose and say:

I am a(n)_ Special Agent with the U.S Department of Homeland Security, ICE _____ and have reason to believe
            (Official Title)
that ☐ on the person of or ☒ on the property or premises known as  (name, description and or location)

600 L Street. N.W . 2ⁿᵈ Floor. Washington, D.C
(See Attachment A for a more completed description)

in the District of Columbia, there is now concealed a certain person or property, namely (describe the person or property to be searched)

(See Attachment B in the affidavit for a more complete description)

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)
**evidence of the commission of a criminal offense and designed or intended for use and which
is or has been used as the means of committing a criminal offense.**

concerning a violation of Title _18_ United States Code, Section(s) 1960_  The facts to support a finding of Probable
Cause are as follows.

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES   ☐ NO

Jay I Bratt
Transnational/Major Crimes Section
(202) 353-3602

_Signature of Affiant_
Steven Austin, Special Agent
Department of Homeland Security, ICE

Sworn to before me, and subscribed in my presence
APR. 1 1 2005

_____
Date

at Washington, D.C.

_____
Name and Title of Judicial Officer

Signature of Judicial Officer

## THE GOVERNING LAW

5      Title 18, United States Code, Section 1960, prohibits the operation of an unlicensed money transmitting businesses. The term "money transmitting" includes but is not limited to transferring funds on behalf of the public by any and all means including but not limited to transfers within this country and abroad by wire, check, draft, facsimile, or courier. See 18 U.S.C. § 1960(b)(2). The term "unlicensed money transmitting business" means a money transmitting business that affects interstate or foreign commerce in any manner or degree and (a) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable or (b) fails to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, or regulations prescribed under such section. See 18 U.S.C. § 1960(b)(1).

6.      Title 31, United States Code, Section 5330(a)(1) states, in part, that "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury…" Section 5330(d)(1) states, in part, that the "term 'money transmitting business' means any business other than the United States Postal Service which- (A) provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, traveler's checks, and other similar instruments . . .; (B) is required to file reports under section 5313; and (C) is not a depository institution (as defined in section 5313(g))." Title 31, United States Code, Section 5330(d)(2) states, "The term 'money transmitting service' includes accepting currency or funds denominated in the currency of any country and transmitting the currency or funds, or the value of the currency or funds, by any means through a financial agency or institution, a Federal reserve bank or other facility of the Board of Governors of the Federal Reserve System, or an electronic funds transfer network." Pursuant to 31 U.S.C. § 5312(a)(2)(R), a money transmitting business would qualify as a "financial institution" required to filed reports under 31 U.S.C. § 5313.

7.      Title 26, D.C. Code, § 26-1001(10) states, "'Money transmission' means the sale or issuance of payment instruments or engaging in the business of receiving money for transmission or transmitting money within the United States, or to locations abroad, by any and all means, including but not limited to payment instrument, wire, facsimile, or electronic transfer."

8.      Title 26, D.C. Code, § 26-1002 states, in part, "After the effective date of this chapter, no person shall engage in the business of money transmission without obtaining a license issued by the Superintendent… ."

9.      Title 26, D.C. Code, § 26-1023(c) states, "Any person who engages in the business of

-2-

money transmission without a license as provided herein shall be guilty of a felony and, on conviction thereof, shall be fined not more than $25,000, or imprisoned for not more than 5 years, or both."

10    Accordingly, for purposes of this case, to prove that a violation of 18 U.S.C. § 1960 has occurred in the District of Columbia, the United States must establish that a money transmitting business was operated in the District of Columbia without obtaining a license from the District of Columbia, and/or without being registered with the Secretary of the Treasury as required by 31 U.S.C § 5330.

### FACTUAL BASIS FOR PROBABLE CAUSE

11    In the summer of 2002, I and other ICE agents received information from a confidential source ("CS-1") that an illegal money transmitting business was operating out of the second floor of the Eritrean Cultural and Civic Center located at 600 L Street, NW, Washington, D.C. According to CS-1, individuals either send funds by mail to the Eritrean Cultural and Civic Center or bring funds there in person. Upon receipt of the funds, the Eritrean Cultural and Civic Center deposits them into an account at Riggs Bank in Washington, D.C., maintained by the Embassy of Eritrea. From the Riggs Bank account, the funds are subsequently sent to Eritrea and other locations overseas. CS-1 provided me with the number for the Riggs Bank account: 17328440.

12.    I have seen bank records obtained through a grand jury subpoena that show that Account 17328440 at Riggs Bank, was opened in the name of Embassy of Eritrea Himbol on March 20, 2001. The original signatures on the account records were Fessahaie Tekle and Kesetebrhan Keleta A second signature card dated October 22, 2002, indicates that the signatures on the account are Melake Tesfayohannes and Fessahaie Tekle. According to the U.S Department of State, Office of Protocol, a Melake Tesfayohannes Habtemichael is listed as having an A-1 (diplomatic) visa and as being the Second Secretary of the Embassy of Eritrea. The other individuals listed in this paragraph are not diplomats.

13.    I obtained and reviewed the application for certificate of occupancy for 600 L Street NW from the District of Columbia Department of Consumer and Regulatory Affairs. The trade name of the business is Eritrean Cultural + Civic Center. The President is A. Yohannes; the Vice President is E.A. Gebrezgh, and the Secretary/Treasurer is B. Gebremichel.    The owner of the building is E-R 9 Corp., the proposed use of the business is private club seating 350, and the floors to be occupied are the 1st and 2nd floors.

14.    I obtained and reviewed the two-year report for non-profit foreign and domestic corporations from the District of Columbia Department of Consumer & Regulatory Affairs, Corporations Division, for the Eritrean Cultural & Civic Center. Fessahaie Tekle

-3-

18.     On November 21, 2003, I interviewed a taxicab driver at Reagan National Airport whose taxicab was observed parked outside the Eritrean Cultural and Civic Center earlier the same week  The taxicab driver was originally from Asmara, Eritrea.  When asked how he sends money home, the taxicab driver said that he sends money through the Embassy.  He said that the Embassy has a branch located at 600 L Street, NW, in Washington, D.C.  The taxicab driver further stated that the Embassy charges $10-$15 dollars to send money.

19      On December 8, 2003, a fourth undercover agent ("UC- 4") entered the Eritrean Cultural and Civic Center located at 600 L Street, NW, Washington, D.C.  UC-4 went directly to the second floor, where it observed a man and a woman, two computers, and several boxes  UC-4 talked to the man.  The man informed UC-4 that the business sent money to Eritrea and that UC-4 could deposit the money directly into a Riggs Bank Account.  The man gave UC-4 a business card which read Embassy of Eritrea (Himbol) P.O. Box 51102, Washington, D.C. 20091; Tel: 202-628-6644, Fax: 202-393-0422.  The man wrote his name on the front of the card, and he wrote Riggs Bank Dupont Circle Washington, DC 17328440 Route # 5101 0600 on the back of this card.  A redacted copy of the card is attached as **Exhibit 3**.  UC-4 was wearing a concealed recording device, which other agents monitored.

20.     On March 26, 2004, UC-4 again entered the Eritrean Culture and Civic Center located at 600 L Street NW, Washington, D.C.  UC-4 spoke to the same male employee with whom he spoke on December 8, 2003.  The male employee gave UC-4 a copy of a Riggs Bank (Account # 17328440) deposit slip and another piece of paper containing information concerning Citibank account # 36144209.  He told UC-4 that UC-4 could deposit money into these account numbers and that the money would then be sent overseas.  The male employee also wrote his name and his phone number on the paper containing the Citibank account information.  A redacted copy of that document is attached as **Exhibit 4**.  The male employee said that the business charged $10 dollars for Riggs Bank transactions and that it did not charge for Citibank transactions.  UC-4 was wearing a concealed recording device, which other agents monitored.

21.     My review of bank records for Riggs Bank account 17328440 reveal the deposit of approximately $27,740,112.05 between March 23, 2001 and April 30, 2003.  Records also reflect an extremely high number of individual deposit items and transactions.  An overwhelming majority of the deposits made into this account were in the form of money orders.  Money orders were sent from throughout the United States and a large amount had the P.O. Box 51102, Washington, D.C. address listed in the "pay to the order of" section.

22.     By way of example, the following summary of records reflecting deposits into the Riggs Bank account between February 2003 and May 2003 provides additional evidence to support the conclusion that this account is being used to transfer funds received from a